# PELUSO & TOUGER, LLP
*ATTORNEYS AT LAW*
*70 LAFAYETTE STREET*
*NEW YORK, NEW YORK 10013*

TELEPHONE: (212) 608-1234
FACSIMILE:   (212) 513-1989

December 4, 2014

Honorable Kevin McNulty
United States District Court Judge
Martin Luther King Building
United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re: <u>United States v. Irving Olivero-Pena</u>,
          14-327

Your Honor,

      I am in receipt of the Courts written Order confirming the Courts oral Orders made at the Court conference yesterday. The Court in its written Order did not order the Government to answer the defendant's Bill of Particulars request regarding the first count of the indictment if there are any other narcotic transfers alleged or regarding count 2 what funds the Government is alleging the defendant conspired to launder. I believe most respectfully that the Court at the conference indicated that the Government would have to answer these two questions. If I am wrong I apologize and hereby renew my request because the defendant cannot adequately prepare for trial without knowing what he is defending against. The defendant is simply asking if any other narcotics transactions are going to be alleged and what money he is alleged to have been laundered. Neither of these questions is answered in the Complaint, Indictment or any of the other Discovery that has been served on defense counsel.

      As of the writing of this letter all the defendant has been furnished with relative to Count 1, the Narcotics Conspiracy is that on a particular date in October of 2012 the defendant met with a confidential informant had certain conversations with that informant and at one of the meetings the defendant along with others delivered to the confidential informant a large amount of United States currency to be delivered to California. No other narcotics transaction is alleged and the defendant is simply asking if any other narcotics transaction are going to be alleged at the trial of this matter and if yes, the dates of those transactions. The defendant cannot prepare any defense to these charges including but not limited to an alibi defense to these transactions, if indeed alleged without prior knowledge that the Government is going to seek to prove them. The Government agrees that a Bill of Particulars is necessary where "an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at

Honorable Kevin McNulty
Page 2 of 2
December 4, 2014

trial." Quoting <u>United States v. Rosa</u>, 891 F.2d 1063, 1066-67 (3d Cir. 1989). Here, that is exactly what is occurring.

    Relative to Count 2 the Money Laundering Conspiracy, all the defendant has been told is that this is a promotional money laundering conspiracy. The defendant has not been informed, what money it is alleged that he attempted or did in fact money launder. If the defendant's motion for a Bill of Particulars is denied relative to this count of the indictment, the defendant will be forced to proceed to trial not even knowing what money he allegedly laundered or acts he committed. This is obviously unfair and unconstitutional and can only be cured by the Court granting the defendant's motion for a Bill of Particulars, which I thought the Court specifically agreed to yesterday.

    Again I apologize if my notes and memory as to what occurred yesterday are wrong but I most respectfully request that the Court reconsider it's ruling on these two issues. Thank you very much for your attention to this matter.

    Finally, defense counsels have conferred and most respectfully request that the Court arrange the co-defendant meeting for Friday, December 12th at 10:00AM. Thank you very much for your assistance in this matter.

Most Respectfully,

David Touger

cc.: AUSA David Foster
    AUSA Brian Urbano
    Patrick Joyce, Esq.
    Richard J. Verde, Esq.