# PATRICK J. JOYCE, ESQ.

Attorney at Law
4 W. South Orange Ave.
South Orange, NJ 07079
(973) 324-2711
FAX (212) 513-1989

New York Office:
70 Lafayette Street - 2nd Fl
New York, NY 10013
(212) 285-2299

December 15, 2014

The Honorable Kevin McNulty
United States District Judge
Martin Luther King, Jr. Federal Building
& United States Courthouse
50 Walnut Street
Newark, NJ 07102

> **Re: United States v. Feliz, et.al.**
> **Criminal No. 14-327 (KM)**

Dear Judge McNulty:

As Your Honor is aware, I am an attorney for the defendant Melvin Feliz. I write to alert the Court to several issues involving the failure by the Government to abide by the Court's discovery orders. Please accept this letter brief in lieu of a more formal submission seeking relief as a result of those failures. Specifically, Defendant Feliz requests an order precluding the Government from presenting any expert testimony at trial and requiring the Government to immediately produce the additional requested discovery materials, or risk more serious sanctions, such as the preclusion of additional evidence or even dismissal.

On June 18, 2014, the Court issued an order designed to facilitate the production of discovery. The stated purpose for the order was to, *inter alia*, "eliminate delays in the

presentation of evidence and the examination of witnesses, and to expedite the trial." *See* Preamble to 7/18/14 Court Order. Per the terms of that order, the Government was to provide to the defense, on or before June 28, 2014, summaries of any expert opinion, the bases and reasons for that opinion, and the proposed expert's qualifications. *See* Paragraph 1(e), 7/18/14 Court Order.

On December 2, 2014, the Court heard oral argument regarding discovery issues, including a request by the defense for a bill of particulars regarding such straightforward and simple, but essential, matters as the transaction upon which Count 2 of the Indictment is based. The Government opposed this motion, but on December 3, 2014, the Court ordered the Government to file a bill of particulars identifying the persons alleged to have been members of the conspiracy. Such disclosure was due on or before December 13, 2014. *See* Paragraph 1, 12/3/14 Court Order. The Court also noted that the Government was required to file transcripts of any audio recordings on or before December 8, 2014. Paragraph 5, 12/3/14 Court Order. Further, the Court held in abeyance a motion to suppress pole camera evidence pending the Government's disclosure of the excerpts from the pole camera that it intended to introduce at trial. Paragraph 15, 12/3/14 Court Order.

To date, none of the expert testimony information, which was required to be provided to the defense by June 28, 2014, has been produced. As of this writing, the Government has also failed to provide a bill of particulars identifying the persons alleged to be part of the conspiracy. Moreover, on December 10, 2014, the Government provided counsel with an exhibit list containing the transcript of only one (1) of seven (7) conversations which have been taped. No additional transcripts have since been provided. Nor has the government sought or received,

either by consent or otherwise, relief from the Court's orders -- instead, it simply unilaterally ignored those Orders, and continues to violate them, even as trial approaches.

Indeed, on December 11, 2014, I inquired about the actual production of several items contained on the list and asked when the viewing of all the items on the list could take place. I was told that the Government would "do [its] best" to provide the requested items on Friday, December 12, 2014. As of this writing, however, the production of the items on the list has not taken place. I was also informed that the trial assistants were unavailable to attend to these requests until Tuesday, December 16, 2014. When I inquired about the remaining transcripts, I was informed that the remaining six (6) transcripts would not be provided until December 22, 2014. Further, although the Government has identified certain items that it has collected in bulk on the exhibit list, it has not delineated what portions of those items it will actually attempt to introduce at trial. For example, the pole camera data spans a period of eighteen (18) months, yet no portion of that data has been identified as proposed evidence. Telephone conversations and jail visitor logs of both co-defendants have also been placed on the exhibit list, but no specific dates or times have been designated as potential evidence in the case.

The Government is therefore in direct violation of several of this Court's discovery orders. Pursuant to Federal Rule of Criminal Procedure 16(d)(2), if a party fails to comply with a court's discovery order, the court may: "(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." *See United States v. Bein*, 214 F.3d 408, 413 (3d Cir. 2000). "In determining an appropriate remedy, a district court should consider

the reasons for the party's delay in producing the materials, including whether it acted intentionally or in bad faith, and the degree of prejudice to the opposing party." *United States v. Lee*, 573 F.3d 155, 161 (3d Cir. 2009) (citing *United States v. Ganier*, 468 F.3d 920, 927 (6th Cir. 2006); and *Gov't of Virgin Islands v. Fahie*, 419 F.3d 249, 258-59 (3d Cir. 2005)); *see United States v. Taylor*, 71 F. Supp. 2d 420, 422 (D.N.J. 1999).

Here, the Court should first preclude the Government from presenting any expert testimony because the Government has failed to comply with the Court's discovery order despite its obligation under Rule 16 and Mr. Feliz will, at this point and given that he does not wish or seek a continuance, as is his right, certainly be prejudiced by the introduction of expert testimony at trial. Federal Rule of Criminal Procedure 16(d)(2)(C) states: "If a party fails to comply with this rule, the court may . . . prohibit that party from introducing the undisclosed evidence." Courts in this Circuit have applied Rule 16(d)(2)(C) in precluding a party from introducing expert testimony for failure to comply for a discovery order. That is what the Court should do here. *See, e.g., United States v. Lopez*, 271 F.3d 472, 483-84 (3d Cir. 2001); *see also United States v. Hoffecker*, 530 F.3d 137, 187-88 (3d Cir. 2008) (upholding the district court's exclusion of a defendant's expert witnesses on retrial "both for the insufficiency of the notice of their testimony and for the inexcusable delay in providing notice"); *United States v. Taylor*, 71 F. Supp. 2d 420, 421-22 (D.N.J. 1999) (precluding the Government from introducing expert testimony, pursuant to Rule 16(d)(2), and denying the admission of additional evidence that "would be meaningless to the jury without the testimony of an expert witness to explain them").

Indeed, the Government's actions are inexplicable and disturbing. Since this case's inception, the Government has stated that it intends to call expert witnesses and this Court

specifically ordered the disclosure of those experts' opinions and qualifications on or by June 28, 2014.  Despite defense counsel's numerous attempts to obtain such disclosures, the Government has simply disregarded the Court's order.  The Government's repeated delay in making these disclosures has not only violated the Court's order but undermines the sound policy reasons upon which a party's duty to disclose information regarding its expert witness is based.  *See United States v. Sosa*, 2006 U.S. Dist. LEXIS 2254, at \*26-27 (E.D. Pa. Jan. 20, 2006) (stating that purpose of having a party disclose its expert witnesses "is to give the opponent an advance opportunity to know the testimony of an expert witness so that he or she will be able to determine whether to depose the witness or obtain the services of a counter-expert" (citing *United States v. Beltran-Arce*, 415 F.3d 949, 952 (8th Cir. 2005)); *United States v. Hoffecker*, 530 F.3d at 185 (noting that the purpose of having the parties disclose details regarding their expert witnesses is "'to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination'" (quoting Fed. R. Crim. P. 16 Advisory Committee note)).  Mr. Feliz -- a man facing twenty years in prison -- must be given a fair opportunity to prepare a defense and should not be forced to engage in a last-minute challenge of an expert, his or her qualifications, and the relevance of the proffered testimony.  Nor can Mr. Feliz, given the time left before trial and the fact that the Government's expert remains undisclosed, adequately consider the need for -- let alone locate, interview and retain -- an expert of his own to counter the Government's expert witness on the relevant topics.  Nor is it an answer that the trial can be adjourned: throughout the entire pre-trial process, Mr. Feliz, along with his co-defendants, have consistently expressed a desire for a speedy trial and a firm trial

date, as is their right. *See United States v. Rankin*, 779 F.2d 956, 958 (3d Cir. 1986) (noting the "need for a firm trial date" to enable parties "to assemble . . . witnesses and schedule . . . attorneys"); *Ransome v. Brooks*, 2005 U.S. Dist. LEXIS 29545, at *15 (E.D. Pa. Nov. 16, 2005) (noting that delays in court proceedings may be inappropriate and that courts should consider a defendant's goals and the "equally desirable public need for the efficient and effective administration of justice"). The Government should not now be permitted to thwart this by failing to comply with the Court's orders.

In sum, the Government has had more than ample time to locate and disclose the required expert information. The Government's failure to comply with the Court's order that it supply Mr. Feliz with summaries of any expert opinion, the bases and reasons for that opinion, and the expert's qualifications will undoubtedly prejudice Mr. Feliz in preparing his defense. The Court should therefore preclude the Government from introducing any expert testimony at trial. *See Lee*, 573 F.3d at 161 ("In determining an appropriate remedy, a district court should consider the reasons for the party's delay in producing the materials, including whether it acted intentionally or in bad faith, and the degree of prejudice to the opposing party.").

With regard to the additional missing discovery materials, this Court, pursuant to Federal Rule of Criminal Procedure 16(d)(2)(A), should order the immediate production of the remaining items that the Government has failed to produce in violation of this Court's orders. In particular, the Court should mandate that the Government immediately produce a bill of particulars identifying the persons alleged to have been members of the conspiracy, the transcripts of any audio recordings it intends to introduce at trial, and any potential evidence derived from the pole cameras, the recorded telephone conversations, or the jail visitor logs of both of Mr. Feliz's co-

defendants. Should the Government fail to comply, further sanctions in the form of evidence preclusion or even dismissal of the case should be considered. *See Jacobs v. Virgin Islands*, 53 Fed. Appx. 651, 652-53 (3d Cir. 2002) (recognizing that district courts have broad discretion in imposing sanctions under Rule 16(d)(2) and that courts may order the dismissal of a case when it is "'*just under the circumstances*'"); *Virgin Islands v. Fahie*, 304 F. Supp. 2d 669, 677 (D.V.I. 2004) (stating that dismissal of a case may be justified when "no alternative relief under Rule 16(d)(2) [i]s appropriate"); *see also United States v. Yeager*, 303 F.3d 661, 663 (6th Cir. 2002) (noting that "the district court employed its ability under Criminal Rule 16(d)(2) to sanction parties for discovery abuses and dismissed the indictment"); *United States v. Dipp*, 581 F.2d 1323, 1327 (9th Cir. 1978) (noting that under Rule 16(d)(2), "dismissal of the charges may be an appropriate sanction in situations where the failure to produce is both willful and severely prejudicial").

As the Court is aware, pre-trial hearings are scheduled for January 6, 2014, and trial is expected to begin immediately thereafter. As noted, the defense does not wish to delay this trial date, but it is now, through no fault of its own, in the position of not being able to fairly prepare for trial, especially if the Government does not provide the missing discovery items immediately, which the Court ordered specifically in order to provide enough time to for the defense to properly review and digest the materials. Moreover, the Government's tardiness has not only strained counsel's ability to effectively prepare this case in a timely fashion, but it even undermines the defense's ability to fulfill its pretrial obligations. Thus, for example, the Court's order imposes time deadlines upon the defense if it intends to object to certain evidence proposed

by the Government, *see* Paragraphs 7, 11, 6/18/14 Court Order, which counsel will be unable to do without adequate time to prepare.

It should be clear if it is not: defendant Melvin Feliz does not request a continuance, and it is not right that the government has put him in the position where that is even an issue. *See Rankin*, 779 F.2d at 958 (noting that a court need not "honor a belated request" for a continuance "made not in good faith but as a transparent ploy for delay" (citing *Morris v. Slappy*, 461 U.S. 1, 13 (1983))).. Instead, at this point, he respectfully requests an order precluding the Government from presenting any expert testimony at trial and requiring the Government to immediately produce the additional missing discovery materials, reserving his right to apply for more significant relief if the Government does not do so but instead persists in thumbing its nose at the Court's order and preventing the defendant from preparing for trial, even as it seeks to deprive him of his freedom for much of the rest of his life.

Thank you for your kind consideration of this submission.

Respectfully submitted,

BY:   /s/ Patrick Joyce
      Attorney for Melvin Feliz
      4 West South Orange Avenue
      South Orange, New Jersey 07079
      Tel. (973) 324-2711

- 8 -